Jewell FORD, Appellant,

v.

MUNICIPALITY OF
ANCHORAGE, Appellee.

No. S–3754.

Supreme Court of Alaska.

June 21, 1991.

Johnny O. Gibbons, M. Ashley Dickerson, Inc., Anchorage, for appellant.

D. Kevin Williams, Birch, Horton, Bittner & Cherot, Anchorage, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

COMPTON, Justice.

This case involves a single issue: does Alaska Civil Rule 16.1(g) provide the exclusive procedure for dismissing "fast-track"[1] cases for failure to prosecute, or may a trial court dismiss a fast-track case under Civil Rule 41(e). Rule 16.1(g) provides that the court will transfer a fast-track case to the inactive calendar if a motion to set trial is not filed within 270 days after service of the summons and complaint. If the plaintiff still does not move to set trial and fails to convince the court that good cause exists to continue the case on the inactive calendar, the court will dismiss the case after 60 days on the inactive calendar.

Here, the superior court failed to transfer Ford's suit to the inactive calendar. More than a year passed without any proceedings, so the court dismissed the case pursuant to Rule 41(e). We conclude that Rule 16.1(g) entitles the plaintiff in a fast-track case to notification of transfer of the case to the inactive calendar. Since the court dismissed Ford's case without such notification, we vacate the dismissal and remand to the superior court for transfer to the inactive calendar.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Jewell Ford was injured in an accident involving a city bus in 1985. She filed a personal injury action against the Municipality of Anchorage (city) on October 17, 1985. On September 4, 1986, Ford filed a Memorandum to Set Civil Case for Trial.

---

**1.** The superior court classifies cases according to a case-characterization form filed by the plaintiff. Alaska R.Civ.P. 16.1(b)(2). In the Anchorage trial courts, non-domestic civil cases which involve relatively simple issues and re-

quire less than 10 days of trial time are generally fast-track cases. Judge Douglas J. Serdahely, Presiding Judge, Third Judicial District, Order (February 24, 1986).

The trial court rejected the memorandum because Ford had not filed a case-characterization form. Ford took no further action and no trial date was set.

On June 27, 1988, the city moved for an order dismissing Ford's claim for want of prosecution. Ford filed a Memorandum in Opposition to the Motion to Dismiss. She argued that she did not realize that the court had rejected her memorandum to set a trial date. The trial court denied the city's motion to dismiss.

On September 12, 1988, Judge Rene J. Gonzalez requested reassignment of the case to the fast-track. Judge Brian C. Shortell approved this request and reassigned the case to Judge Joan M. Katz.

On October 5, 1989, the city filed a second Motion to Dismiss for Want of Prosecution. The trial court granted the city's motion and dismissed the case without prejudice. Ford unsuccessfully moved for reconsideration of the Order of Dismissal. She filed this appeal on January 16, 1990.

## II. STANDARD OF REVIEW

■ Since this case involves the interpretation of a civil rule, we exercise our independent judgment. We are not bound by the superior court's resolution of questions of law, but instead must adopt the rule of law which is most persuasive in light of precedent, reason, and policy. *Guin v. Ha*, 591 P.2d 1281, 1284 n. 6 (Alaska 1979).[2]

2. Both parties argue that the appropriate standard of review is whether the trial court abused its discretion in granting dismissal. The abuse of discretion standard would be appropriate if the issue were whether good cause existed for the delay in prosecution. This case, however, requires the court to interpret the relationship between Rule 41(e) and Rule 16.1(g). Questions of rule interpretation are questions of law; therefore, we exercise our independent judgment.

3. Rule 41(e) provides:
Actions which have been pending in a court for more than one year without any proceedings having been taken may be dismissed as a matter of course, for want of prosecution, by the court on its own motion or on motion of a party to the action. The clerk shall review all pending cases semi-annually and in all cases

## III. DISCUSSION

■ Ford argues that the trial court erred in dismissing her action pursuant to Alaska Civil Rule 41(e).[3] We agree.

Rule 16.1(g) provides:
Where a motion to set trial and certificate have not been filed within 270 days after the service of the summons and complaint, the case shall be transferred to the inactive calendar by the clerk of the court. The clerk shall promptly notify counsel in writing of the transfer. All cases which remain on the inactive calendar for more than 60 days shall be dismissed, unless within that period: (1) A proper motion to set trial and certificate is filed; or (2) the court on motion for good cause orders a case continued on the inactive calendar for a specified additional period of time. Notwithstanding Civil Rule 41(b), the dismissal does not operate as an adjudication upon the merits unless a previous dismissal has been entered by the court under this rule, or by the plaintiff or parties under Civil Rule 41(a)(1). If a case dismissed under this rule is filed again, the court may make such order for the payment of costs of the case previously dismissed as it may deem proper, and may stay the proceedings in the case until the party has complied with the order.

Rule 16.1(m) provides that the provisions of Rule 16.1 supersede the provisions of other civil rules if a conflict exists.[4]

in which no proceedings have been taken for more than one year, the court shall hold a call of the calendar or the clerk shall send notice to the parties to show cause in writing why the action should not be dismissed. If good cause to the contrary is not shown at a call of the calendar or within 30 days of distribution of the notice, the court shall dismiss the action. The clerk may dismiss actions under this paragraph if a party has not opposed dismissal. A dismissal for want of prosecution is without prejudice unless the court states in the order that the case is dismissed with prejudice.

4. Rule 16.1(m) provides:
In cases in which this rule has been invoked, the provisions of this rule shall supersede the provisions of any other civil rule in those instances in which a provision of this rule

Rule 41(e) will not normally conflict with Rule 16.1(g). If the trial court transfers a case to the inactive calendar 270 days after service of the summons and complaint, the case is forced to a resolution before a year passes. In this case, however, the superior court failed to make the necessary transfer.[5]

A litigant should not be penalized for the court's error. Rule 16.1(g) establishes a particular procedure for dismissal of inactive fast-track cases. Although Ford failed to file a case-characterization form, the court assigned her case specifically to the fast-track. Therefore, Ford was entitled to the procedures outlined in Rule 16.1(g).

We agree with the city that the purpose behind both Rule 16.1 and Rule 41(e) is to reduce litigation delay. We recognize that in this case Rule 16.1 acts to excuse Ford's continual delay, contrary to the purpose of the rule. In response to the city's motion to dismiss, Ford's counsel offered no excuse to justify the delay in prosecution, and none is obvious from the record. Nor did Ford's attorney take any steps to prosecute the action in response to the city's motion. Nevertheless, the language in Rule 16.1(g) and (m) provides that the rule is the exclusive means to dismiss fast-track cases.

> conflicts with a provision of another civil rule. In all other instances, however, the provisions of all other civil rules shall remain in full force and effect.

5. In *Evron v. Gilo*, 777 P.2d 182 (Alaska 1989), we addressed the superior court's error in placing a case on the inactive calendar too early. In *Evron*, we reversed the dismissal of Evron's complaint because the court placed the case on the inactive calendar before 270 days had passed since service of the summons and complaint. We did not address whether Rule 16.1(g) guarantees the plaintiff notification of inactive status before dismissal.

1. "These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by the court in any case where it shall be manifest to the court that a strict adherence to them will work injustice." Rule 94, Alaska R.Civ.P.

2. For purposes of this discussion, I accept the majority's premise that Civil Rule 16.1(g) and

Ford is entitled to rely on the language of the rule.

REVERSED and REMANDED.

BURKE, Justice, dissenting.

In the case at bar, strict adherence to the Rules of Civil Procedure leads to a result that is both absurd and manifestly unjust. Under the authority of Civil Rule 94,[1] I would relax the rules and affirm the judgment below.[2]

Rule 41(e) conflict. Such conflict, however, is more imagined than real.

Rule 41(e) allows the dismissal of cases not prosecuted for one year. Rule 16.1(g) provides a mechanism whereby fast track cases can be dismissed for want of prosecution faster than other cases: after only 270 days plus 60, provided there is compliance with the procedural requirements of Rule 16.1(g). Nothing in Rule 16.1(g), however, suggests that these added requirements apply to *every* dismissal of fast track cases.

The time honored rule of construction in cases such as this is to read the rules in question so that their provisions do not conflict, if it is reasonably possible to do so. *See, e.g., Gordon v. Burgess Constr. Co.,* 425 P.2d 602, 604 (Alaska 1967). Thus read, Rule 16.1(g) provides an expedited means of disposing of dormant fast track cases, if certain procedures are followed; Rule 41(e) allows those same cases to remain dormant longer, but permits them to be dismissed *after one full year of dormancy,* without the procedural protections provided by the other rule.