**George M. ROMERO, Petitioner,**

v.

**ALASKA FINANCIAL SERVICES, INC., Respondent.**

No. S–6198.

Supreme Court of Alaska.

May 13, 1994.

Johnny O. Gibbons, Dickerson & Gibbons, Inc., Anchorage, for petitioner.

Gail C. Shortell, Anchorage, for respondent.

Before MOORE, C.J., RABINOWITZ, MATTHEWS and COMPTON, JJ., and BRYNER, J., pro tem.*

## OPINION

COMPTON, Justice.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Alaska Financial Services, Inc. (AFS) sued George M. Romero in small claims court on an account allegedly owed by Romero to Kent Chiropractic Clinic, AFS's assignor. Default judgment was entered against Romero. Acting *pro se*, Romero later filed a form request to set aside the default judgment, claiming that he had never been served with a complaint and knew nothing of the action. His request was granted. A notice calendaring the "Mtn to Set Aside Default" was sent to Romero and AFS after his request was granted. This is the only notice Romero received.

At the hearing on the "Mtn to Set Aside Default" the district court took evidence from AFS and Romero on the issue of whether Romero had been properly served. The default was set aside. Immediately following setting aside the default, the court proceeded to the merits of the case. Before court adjourned, Romero requested a continuance to obtain counsel, subpoena witnesses and obtain evidence. This was denied. Judgment was entered against Romero. He then obtained counsel and appealed to the superior court. AS 22.05.010(d).

Romero complained to the superior court that he had no notice that a trial on the merits would be held immediately following the hearing on his motion to set aside the default. He cited to the superior court Alaska District Court Rule of Civil Procedure, Small Claims Rule 16(f), which states that "[t]he date set for trial shall be not less than 15 days from the date the court mails notice of the trial date to the parties." No such notice was ever mailed to Romero.

The superior court "DENIED" Romero's appeal, noting that "proceeding to the underlying merits of a claim after hearing a motion to set aside a default judgment is a common practice within the District Court and [I] decline[ ] to hold such practice in error." The court further remarked that Romero should have been prepared to argue the merits at the hearing or, alternatively, that Romero "should have requested a continuance at the point at which the district court moved from hearing the arguments on the Motion to Set Aside Default to examining the merits of [AFS's] underlying claim." Romero sought discretionary review in this court. Appellate Rule 302(b)(2). We granted his petition.

### II. DISCUSSION

Romero argues that the district court failed to afford him the mandatory trial scheduling notice required by Rule 16(f). Further, he contends that the superior court erred in declining to hold the practice of the district court in error.[1] We agree.

In *Ford v. Municipality of Anchorage*, 813 P.2d 654 (Alaska 1991), we stated that "[a] litigant should not be penalized for the court's error." *Id.* at 656. Thus, we held that the superior court's failure to notify a party of the transfer of a fast track case to

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

1. AFS argues that Romero was not prejudiced as a result of the court's failure to comply with Rule 16(f). We find no merit in this contention. Neither the district court nor the superior court made any finding that Romero was not prejudiced by the district court's previously unannounced intention to proceed immediately to the merits of the underlying claim. It appears, after reviewing the record, that Romero was not prepared for a trial on the merits, believing himself to be in court for precisely what was noticed on the calendaring notice. He believed the proceeding was merely a "preliminary" one. The prejudice to Romero is obvious.

the inactive calendar, thereby setting in motion a different dismissal rule, was reversible error. *Id.*

Consistent with *Ford,* we hold that the superior court's deference to a district court practice that conflicts with an explicit rule of court is impermissible. Further, the district court's failure to observe the requirements of that rule is impermissible and in this case constitutes reversible error. Romero was not given a trial scheduling notice as required by Civil Rule 16(f), and thus, was denied a meaningful opportunity to be heard on the merits of the underlying claim against him.

### III. *CONCLUSION*

The judgment of the superior court 'denying' Romero's appeal is REVERSED. The superior court is directed to enter judgment vacating the judgment of the district court, and remanding the case to the district court with instructions to grant Romero a new trial on notice in accordance with Rule 16(f).