William **PRAZAK,** Appellant,

v.

**ALASKA LOCAL NO. 1, INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTSMEN,** William C. **Wolter, the Stebbins Engineering and Manufacturing Company, a New York Corporation, Larry R. Stenstrom d/b/a S & H Masonry and/or Hensen Masonry & Equipment Co., Inc., a Washington Corporation, John Doe, and Jane Doe,** Appellees.

William **PRAZAK,** Appellant,

v.

**ALASKA LOCAL NO. 1, INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTSMEN, and William C. Wolter,** Appellees.

No. S–6354.

Supreme Court of Alaska.

Oct. 27, 1995.

Ronald K. Melvin, Anchorage, for Appellant.

James A. Gasper, Jermain, Dunnagan & Owens, P.C., Anchorage, for Appellees Alaska Local No. 1, William Wolter, and Larry Stenstrom.

Douglas S. Parker, Ann M. Bruner, Bogle & Gates, Anchorage, for Appellee Stebbins Engineering.

Before MOORE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

## OPINION

PER CURIAM.

William Prazak filed two civil suits against the appellees. The cases were assigned to the "fast track" under Alaska Rule of Civil Procedure 16.1, and were later consolidated. The superior court eventually used the procedures set out in Rule 41(e) to dismiss the case.[1] When Prazak moved for reconsideration, raising for the first time the court's failure to follow Rule 16.1's procedures for dismissal,[2] the superior court issued a one

---

1. Alaska Civil Rule 41(e) provides:

Actions which have been pending in a court for more than one year without any proceedings having been taken may be dismissed as a matter of course, for want of prosecution, by the court on its own motion or on motion of a party to the action. The clerk shall review all pending cases semiannually and in all cases in which no proceedings have been taken for more than one year, the court shall hold a call of the calendar or the clerk shall send notice to the parties to show cause in writing why the action should not be dismissed. If good cause to the contrary is not shown at a call of the calendar or within 30 days of distribution of the notice, the court shall dismiss the action. The clerk may dismiss actions under this para-

graph if a party has not opposed dismissal. A dismissal for want of prosecution is without prejudice unless the court states in the order that the case is dismissed with prejudice.

2. Alaska Civil Rule 16.1(g) provides:

Where a motion to set trial and certificate have not been filed within 270 days after the service of the summons and complaint, the case shall be transferred to the inactive calendar by the clerk of the court. The clerk shall promptly notify counsel in writing of the transfer. All cases which remain on the inactive calendar for more than 60 days shall be dismissed, unless within that period: (1) A proper motion to set trial and certificate is filed; or (2) the court on motion for good cause orders

page order denying Prazak's motion for reconsideration which stated, in part:

> Until reconsideration no party treated this case as a fast track case regardless of characterization. The court did not treat this case as "fast-track". Nor should the case have been characterized as "fast-track".

Prazak appeals this decision.

 Nothing in Rule 16.1 suggests that, upon consolidation, "fast-track" cases lose their "fast-track" status. To the contrary, the rule suggests the possibility of complex cases by stating that multiple issues must be joined before a trial date may be set. Alaska R.Civ.P. 16.1(c)(1). Because the appellees fail to cite any persuasive authority suggesting that the rule operates otherwise, we hold that consolidated Rule 16.1 cases retain their "fast-track" status.

 Because this case retained its "fast-track" status, it is governed by *Ford v. Municipality of Anchorage,* 813 P.2d 654 (Alaska 1991). *Ford* holds that Rule 16.1 cases can be dismissed only by following the Rule 16.1 dismissal procedures. *Id.* at 655–56. Because the superior court did not follow Rule 16.1's procedures in this case, we REVERSE and REMAND for further proceedings.[3]

---

a case continued on the inactive calendar for a specified additional period of time. Notwithstanding Civil Rule 41(b), the dismissal does not operate as an adjudication upon the merits unless a previous dismissal has been entered by the court under this rule, or by the plaintiff or parties under Civil Rule 41(a)(1). If a case dismissed under this rule is filed again, the court may make such order for the payment of costs of the case previously dismissed as it may deem proper, and may stay the proceedings in the case until the party has complied with the order.

3. The appellees' other arguments lack merit. First, because the procedures under Rule 16.1 are mandatory, Prazak is not estopped from raising the rule as a defense. Second, because the superior court addressed Prazak's motion for reconsideration on the merits, and because the superior court has the discretion to relax a civil procedure time limit, *Alaskan Village, Inc. v. Smalley,* 720 P.2d 945, 950–51 (Alaska 1986), we consider that, if Prazak's motion was one day late, the superior court relaxed the time limit. Finally, because Prazak and the superior court both generated documents after consolidation listing only one case number, we deem Prazak's use of only one case number on his motion for reconsideration as irrelevant. *Foster v. Hanni,* 841 P.2d 164, 170 n. 6 (Alaska 1992) (failure to list all parties on opposition does not constitute waiver of opposition when it is obvious attorney intended opposition to include all parties).