Mane AIROULOFSKI, Appellant,

v.

STATE of Alaska, Milburn Brantley, Ron Aubrey, Margaret Foster, its agents; Municipality of Anchorage; Anchorage Police Department; Anchorage Police Officer Kemp and Dispatcher John Doe, its agents; Yellow Cab Company; George Zimmer, its agents, Appellees.

MUNICIPALITY OF ANCHORAGE, Anchorage Police Department, Anchorage Police Officer Kemp and Dispatcher John Doe, its agents, Cross–Appellants,

v.

Mane AIROULOFSKI, Cross–Appellee.

Nos. S–6695, S–6735.

Supreme Court of Alaska.

Aug. 16, 1996.

---

Robert C. Erwin, Roberta C. Erwin, Law Offices of Robert C. Erwin, Anchorage, for Appellant and Cross–Appellee.

Stephanie Galbraith Moore, Assistant Municipal Attorney, Mary K. Hughes, Municipal Attorney, Anchorage, for Appellee and Cross–Appellant Municipality of Anchorage.

Before COMPTON, C.J., RABINOWITZ, MATTHEWS and EASTAUGH, JJ., and CARPENETI, J. Pro Tem.*

*OPINION*

MATTHEWS, Justice.

## I. *INTRODUCTION*

Mane Airoulofski appeals a superior court decision granting summary judgment to the Municipality of Anchorage ("Municipality"). The superior court held that Airoulofski had waived his tort claims against the Municipality by failing to prosecute his case. The Municipality cross-appeals, contesting the superior court's earlier refusal to dismiss the case pursuant to Alaska Civil Rule 16.1.

## II. *FACTS & PROCEEDINGS*

On December 20, 1986, the Anchorage Police Department arrested Mane Airoulofski twice. On both occasions, the police were mistaken. Alleging negligence, Airoulofski filed a complaint against the State, the Municipality, the Yellow Cab Company, Super 8 Motel, and assorted agents of these entities. Airoulofski filed his complaint on September 25, 1987. The case was assigned to the superior court's "fast-track" calendar under Civil Rule 16.1.[1]

When contacted by claims adjustors from the State and Municipality, Airoulofski agreed to provide both defendants an unlimited extension of time to answer pending the outcome of settlement negotiations. In a letter to Airoulofski's attorney, the Municipality's adjustor stated that "upon a request from you we will retain counsel and respond to the suit immediately." Super 8 Motel answered the complaint in November 1987.

Airoulofski and Super 8 Motel proceeded with discovery. After Airoulofski failed to comply with an order compelling responses to Super 8's discovery requests, the superior court dismissed the complaint. Upon Airoulofski's motion for reconsideration, the superior court vacated its order and allowed the case to continue. In February 1989, Super 8 moved for dismissal under Civil Rule 41(e), based upon Airoulofski's failure to take action in the case for sixteen months. Airoulofski filed an opposition to Super 8's motion.

■ On May 4, 1989, the superior court issued the following order dismissing Airoulofski's case: "Pursuant to 41(e) plaintiff's claim against Super 8 Motel is hereby dismissed for lack of prosecution. It is hereby ordered, adjudged and decreed that plaintiff's claims against Super 8 Motel are hereby dismissed."[2] Airoulofski did not serve the State or Municipality with any of the pleadings or discovery responses arising during these proceedings with Super 8 Motel. Subsequently the case file was administratively closed by the court system. However, the case was never transferred to the inactive calendar according to the procedures of Civil Rule 16.1(g).

On October 20, 1993, Airoulofski filed a Memorandum to Set Civil Case for Trial, serving the State and Municipality. The superior court declined to set the case for trial on December 10, 1993, giving Airoulofski sixty days to file a valid motion to set. Airoulofski requested answers from the remaining defendants on December 17, 1993.

The State and Municipality responded by filing a motion to dismiss, arguing that Airoulofski's delay in bringing the case to trial mandated dismissal under Rule 16.1(g). The superior court denied the motion on February 11, 1994, holding:

Defendants were always at liberty to request issuance of a notice of intent to dismiss under Rule 16.1. Plaintiff was en-

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

1. Alaska Civil Rule 16.1 establishes special procedures designed to reduce delay in civil litigation. Cases are assigned to the fast-track calendar by administrative order of the judicial district's presiding judge.

2. This order was entered before we decided *Ford v. Municipality of Anchorage,* 813 P.2d 654 (Alaska 1991). Under *Ford,* dismissal under Rule 41(e) is improper when the case has been placed under the fast-track provisions of Rule 16.1. *Id.* at 656.

titled to such notice prior to dismissal. Defendants are not precluded from filing a motion to dismiss on the basis of laches, if such motion can be supported by the facts of this case.

This decision forms the basis of the Municipality's cross-appeal.

The State and Municipality filed their answers on February 24, 1994, and the superior court issued an order setting trial for September 26, 1994. The State moved for, and was granted, judgment in its favor on the pleadings. Default was entered against Yellow Cab and its agent on April 4, 1994.

The Municipality commenced discovery in March 1994. On July 19, 1994, the Municipality moved for summary judgment "pursuant to the doctrines of laches, estoppel, waiver, and abandonment, based on plaintiff's six year delay in prosecuting the action." On September 13, 1994, the superior court granted the Municipality's motion, ruling:

> The dismissal is *not* based on laches. *Ford v. Municipality of Anchorage,* 813 P.2d 654 (Alaska 1991); *Munn v. Bristol Bay Housing Authority,* 777 P.2d 188 (Alaska 1989). The dismissal is based on implied waiver/estoppel. *Milne v. Anderson,* 576 P.2d 109 (Alaska 1978); *Wausau Ins. Co. v. Van Biene,* 847 P.2d 584 (Alaska 1993). Plaintiff's failure to notify the Municipality of his intent to litigate against it for this extended period of time all the while litigating against Super 8 Motel without notice to or service of papers on the Municipality constituted actions inconsistent with an intent by plaintiff to pursue its action against the Municipality. Plaintiff [sic] was prejudiced in not retaining an attorney and preserving evidence.

(Emphasis deleted.) Airoulofski appeals.

## III. *DISCUSSION*

Airoulofski argues that his delay in prosecuting his claim was not direct unequivocal conduct sufficient to evidence a waiver. The

Municipality contends that the superior court's February 11, 1994 refusal to dismiss Airoulofski's claim pursuant to Rule 16.1 was erroneous.[3]

### A. *Superior Court's Refusal to Dismiss for Failure to Prosecute Under the Civil Rules*

Alaska's Civil Rules contain two provisions by which cases may be dismissed for failure to prosecute. Rule 16.1(g) allows dismissal of dormant cases governed by the fast-track procedures of Rule 16.1. Under Rule 41(e), cases operating by standard civil procedures may be dismissed for want of prosecution. The Municipality's cross-appeal involves the interpretation of these rules; accordingly, this court exercises its own independent judgment. *Ford v. Municipality of Anchorage,* 813 P.2d 654, 655 (Alaska 1991).

### 1. *Rule 16.1(g) does not allow dismissal without transfer and notice.*

Rule 16.1(g) establishes the following procedures for dismissal of inactive cases on the court's fast-track calendar:

> Where a motion to set trial and certificate have not been filed within 270 days after the service of the summons and complaint, the case shall be transferred to the inactive calendar by the clerk of the court. The clerk shall promptly notify counsel in writing of the transfer. All cases which remain on the inactive calendar for more than 60 days shall be dismissed, unless within that period: (1) A proper motion to set trial and certificate is filed; or (2) the court on motion for good cause orders a case continued on the inactive calendar for a specified additional period of time. Notwithstanding Civil Rule 41(b), the dismissal does not operate as an adjudication upon the merits unless a previous dismissal has been entered by the court under this rule, or by the plaintiff or parties under Civil Rule 41(a)(1).

---

**3.** The Municipality also argues that the superior court's dismissal of Airoulofski's claims against Super 8 operated to dismiss Airoulofski's claim against all defendants. This argument is without merit. The superior court's order stated: "[P]laintiff's claims against Super 8 Motel are dismissed." This was not a dismissal of Airoulofski's claims against the State or Municipality. Dismissal of claims against one defendant was within the court's authority. *S & B Mining Co. v. Northern Commercial Co.,* 813 P.2d 264, 269 (Alaska 1991).

The Municipality argues that despite the court system's failure to transfer the case to the inactive calendar and notify the parties of its intent to dismiss, the superior court should have dismissed Airoulofski's case under this rule. We disagree.

▪ The superior court's February 11, 1994 refusal to dismiss Airoulofski's case was based upon this court's decision in *Ford v. Municipality of Anchorage*, 813 P.2d 654 (Alaska 1991). *Ford* involved a one-year period of inactivity by the plaintiff, during which the court system failed to place her case upon the inactive calendar. *Id.* at 655. This court held that as a result of this failure, Rule 16.1(g) could not be invoked. "A litigant should not be penalized for the court's error. Rule 16.1(g) establishes a particular procedure for dismissal of inactive fast-track cases.... [T]he court assigned [the plaintiff's] case specifically to the fast-track. Therefore, [plaintiff] was entitled to the procedures outlined in Rule 16.1(g)." *Id.* at 656.

The plain language of Rule 16.1(g) precludes dismissal of fast-track cases without transfer to the inactive calendar and, importantly, notice to the parties. Rule 16.1(g) does not mandate dismissal of cases which are inactive for 330 days; only cases that remain inactive for sixty days following their placement upon the inactive calendar are properly dismissed. Transfer and notice to the parties are thus explicitly incorporated as prerequisites to dismissal under Rule 16.1(g).

Thus, we hold that the superior court did not err in refusing to dismiss Airoulofski's claim under Rule 16.1.

### 2. *Rule 41(e) does not apply to fast-track cases.*

In *Ford*, this court ruled that "the language in Rule 16.1(g) and (m) provides that the rule is the exclusive means to dismiss fast-track cases." *Ford*, 813 P.2d at 656. Thus, Rule 41(e) does not apply to fast-track cases. While the Municipality recognizes this, it argues that the general policies favoring the speedy resolution of disputes that underlie Rule 41(e) should be applied to this case in such a way as to allow dismissal of the claim and to make a dilatory plaintiff bear the burden of the court's oversight.

However, we note that even Rule 41(e) would not allow dismissal of this claim.

Rule 41(e) provides:

Actions which have been pending in a court for more than one year without any proceedings having been taken may be dismissed as a matter of course, for want of prosecution, by the court on its own motion or on motion of a party to the action. The clerk shall review all pending cases semi-annually and in all cases in which no proceedings have been taken for more than one year, the court shall hold a call of the calendar or the clerks shall send notice to the parties to show cause in writing why the action should not be dismissed. If good cause to the contrary is not shown ... within 30 days of distribution of the notice, the court shall dismiss the action.

▪ First, then, even Rule 41(e) gives the plaintiff notice of the dismissal and an opportunity to show cause why the action should not be dismissed. Such notice and opportunity was not given here.

▪ Second, Rule 41(e) only allows dismissal if no proceeding has been taken in the case for a period of more than one year. This court has held that where a previously inactive party mails a request for a trial date and pre-trial conference to the court before its opponent files a motion to dismiss under Rule 41(e), the request constituted a "proceeding" so that dismissal was improper. *Zeller v. Poor*, 577 P.2d 695, 697 (Alaska 1978). *Cf. Power Constructors, Inc. v. Acres American*, 811 P.2d 1052, 1054 (Alaska 1991) ("A pretrial memorandum filed *after* the court issues its notice of dismissal does not constitute a 'proceeding' under Civil Rule 41(e)." (emphasis added)). Here, Airoulofski made a request for a trial date before the Municipality filed its motion to dismiss the claim. Therefore, as in *Zeller*, by the time the Municipality filed its motion a proceeding had occurred within the prior year and dismissal would have been improper even if the case were subject to Rule 41(e).

### B. *Dismissal of Claims for Implied Waiver and Estoppel*

The superior court granted summary judgment based upon implied waiver and estoppel.[4] In review of summary judgment, this court must determine whether there are any genuine issues of material fact, and whether the moving party was entitled to judgment as a matter of law. We draw all reasonable inferences in favor of the nonmoving party and against the movant. *Swenson Trucking & Excavating, Inc. v. Truckweld Equipment Co.*, 604 P.2d 1113, 1116 (Alaska 1980).[5]

The superior court concluded that Airoulofski implicitly waived his claim against the Municipality by failing "to notify the Municipality of his intent to litigate against it for this extended period of time all the while litigating against Super 8 Motel without notice or service of papers on the Municipality." Airoulofski argues that his delay in prosecuting his claim was not unequivocal conduct constituting waiver.

We have noted:

A waiver can be accomplished either expressly or implicitly. An implied waiver arises where the course of conduct pursued evidences an intention to waive a right, or is inconsistent with any other intention than a waiver, or where neglect to insist upon the right results in prejudice to another party. To prove an implied waiver of a legal right, there must be direct, unequivocal conduct indicating a purpose to abandon or waive the legal right, or acts amounting to an estoppel by the party whose conduct is to be construed as a waiver.

*Milne v. Anderson*, 576 P.2d 109, 112 (Alaska 1978) (citations omitted).

"[N]eglect to insist upon a right only results in an estoppel, or an implied waiver, when the neglect is such that it would convey a message to a reasonable person that the neglectful party would not in the future pursue the legal right in question." *Van Biene*, 847 P.2d at 589. Even where neglect results in prejudice to another party, for an implied waiver to arise there must be direct, unequivocal conduct indicating a purpose to abandon the right. *Milne*, 576 P.2d at 112; *Miscovich v. Tryck*, 875 P.2d 1293, 1301 (Alaska 1994). The superior court held that Airoulofski's prolonged failure to notify the Municipality of his intent to litigate against it, while proceeding against Super 8 Motel without service of papers on the Municipality, signified a waiver according to these standards.

Under the circumstances, we believe that proceeding against one defendant while allowing others to postpone their answers pending the outcome of settlement negotiations did not give rise to a waiver. The parties had agreed to "an unlimited extension of time" pending settlement negotiations, with the Municipality noting that upon Airoulofski's request it would "retain counsel and respond to the suit immediately." A reasonable person would not necessarily conclude that Airoulofski did not intend to prosecute his claim against the Municipality. Airoulofski took no actions that would constitute direct, unequivocal conduct indicating a purpose to abandon his claim against the Municipality. His silence toward the Municipality while prosecuting his claim against Super 8 could be the product of any number of factors, including mistake, negligence, or incompetence, or even of a misunderstanding as to the status of the settlement negotiations. See *Van Biene*, 847 P.2d at 589 (no implied

---

4. While we have on occasion treated equitable estoppel and waiver as separate defenses arising from delay in asserting a right, *see Miscovich v. Tryck*, 875 P.2d 1293, 1301–2 (Alaska 1994), we have also recognized that "[t]he type of implied waiver created by neglect to insist upon a right is, in reality, a type of equitable estoppel." *Wausau Ins. Cos. v. Van Biene*, 847 P.2d 584, 589 (Alaska 1993). In this case, the claim under either doctrine is the same: Airoulofski's delay constituted an assertion that he did not intend to prosecute the case against the Municipality, and

the Municipality would be prejudiced were he allowed to contradict this assertion.

5. Normally, the "issue of whether a waiver occurred is a question of fact; a trial court's finding will be set aside on review only if clearly erroneous." *Miscovich v. Tryck*, 875 P.2d 1293, 1302 (Alaska 1994). However, because the superior court decided this matter without trial, the summary judgment standard is more appropriate.

waiver where conduct amounts at most to neglect or internal mistake).

The Municipality presented evidence that several witnesses were unavailable, or had left Alaska, that records of Airoulofski's mistaken arrest had been destroyed, and that "[m]emories have faded in the eight year interim since the incident." It argues that allowing Airoulofski to proceed would force it alone to bear the cost of the court's oversight in not transferring the case to the inactive calendar. But, as noted above, prejudice to a party alone is not sufficient to support a waiver argument. *See Miscovich,* 875 P.2d at 1301. And as the superior court noted when it declined to dismiss the case under Rule 16.1(g), the Municipality was perfectly free, at any time after 270 days had passed from the service of the summons and complaint without a motion to set trial, to ask the court to transfer the case to the inactive calendar and give Airoulofski notice of intent to dismiss. It was under no obligation to match Airoulofski's silence with its own.

## IV. *CONCLUSION*

We find no merit to the Municipality's argument that the superior court should have dismissed Airoulofski's claim earlier under Rule 16.1(g), since that rule does not allow dismissal without transfer and notice. We REVERSE the superior court's grant of summary judgment to the Municipality, since we find that Airoulofski did not demonstrate conduct sufficient to waive his claim. The case is REMANDED to the superior court for proceedings consistent with this opinion.

EASTAUGH, Justice, dissenting.

I dissent because I would hold that Mane Airoulofski waived his claim against the Municipality of Anchorage (MOA).

MOA was served with Airoulofski's complaint in the fall of 1987. On October 9, 1987, MOA's adjuster wrote Airoulofski's attorney a letter which purported to memorialize their conversation of that date in which MOA (1) denied all liability, (2) proposed to make a joint offer of $3,000 for dismissal of MOA and the State, and (3) was granted an "unlimited extension of time to make an appearance and answer the complaint pending a possible set-

tlement." The letter reassured Airoulofski's attorney that upon request, the adjuster would retain counsel and respond to the suit immediately. Airoulofski's attorney did not respond and did not then or later dispute this memorialization.

Airoulofski thus agreed to suspend prosecution of his lawsuit against MOA pending possible settlement. He knew MOA had not retained counsel. He knew MOA understood that it would not be required to respond to his suit until he notified MOA that he would proceed with the litigation against it.

Airoulofski then pursued his lawsuit against another defendant, Super 8, without serving MOA with any pleadings or discovery responses. Six years passed before he made any further attempt to pursue MOA and before he first requested an answer from MOA. A reasonable person viewing this course of conduct would conclude that Airoulofski had no intention of pursuing his claim against MOA. The complete failure to do anything whatsoever for six years regarding the MOA claim under these circumstances is a prima facie demonstration of waiver, because it unequivocally signalled Airoulofski's intention to forego that claim.

In opposing MOA's motion, Airoulofski produced no evidence of a contrary intent. Airoulofski's attorney executed an affidavit listing two circumstances allegedly bearing on why the case was not pursued: the attorney's health problems during some intervening years and the destruction of Airoulofski's file by a disaffected legal secretary. These circumstances are unpersuasive. Counsel's periodic health problems did not prevent him from representing Airoulofski in his claim against Super 8 and in unrelated legal matters in 1988, 1989, and 1990. The file's destruction cannot explain why no effort at all was made to resuscitate the claim against MOA. The complaint naming MOA was in the court file, where counsel filed it. Counsel needed no file to make an oral or written demand on MOA for an answer, had he or Airoulofski intended to pursue that claim. Airoulofski has offered no evidence of any conduct during the six-year hiatus that might have suggested to MOA or objective observ-

ers that Airoulofski intended to litigate against MOA. Most notably, neither Airoulofski nor his attorney asserted that between October 1987 and 1993 Airoulofski subjectively harbored any intention whatsoever to prosecute the MOA claim. Assuming that Airoulofski did have that intent, he could easily have offered affidavits so stating. I regard his failure to do so as determinative.

Assuming implied waiver is, under these circumstances, akin to equitable estoppel, *Wausau Insurance Cos. v. Van Biene*, 847 P.2d 584, 588–89 (Alaska 1993), I also note that MOA established that it had reasonably relied to its prejudice on the October 1987 understanding and Airoulofski's subsequent failure to prosecute his claim against MOA for six years. The court recognizes that MOA presented evidence that it suffered prejudice. Op. at 895. Airoulofski and his attorney offered no affidavits or other evidence rebutting MOA's assertions of reasonable reliance and prejudice.

Because I would hold that the doctrine of waiver prevents Airoulofski from prosecuting his claim against MOA, I would affirm.