**Karl POWERS and Andrea Powers, Appellants,**

v.

**UNITED SERVICES AUTOMOBILE ASSOCIATION and Northern Adjusters, Appellees.**

No. S–8776.

Supreme Court of Alaska.

Aug. 11, 2000.

**83.** *See* AS 38.05.035(e)(1)(C); AS 46.40.094(b)(1)(A).

295

Michaela Kelley Canterbury, Kelley & Kelley, Anchorage, for Appellants.

Daniel T. Quinn and Joyce Weaver Johnson, Richmond & Quinn, Anchorage, for Appellees.

Before MATTHEWS, Chief Justice, EASTAUGH, FABE, BRYNER, and CARPENETI, Justices.

*OPINION*

CARPENETI, Justice.

I. *INTRODUCTION*

May an injured plaintiff who has successfully arbitrated an uninsured motorist claim against a primary carrier preclude a secondary carrier from further arbitration where the secondary carrier had neither adequate notice of the first arbitration nor any opportunity to participate in it? The trial court answered this question in the negative. We agree and affirm.

II. *FACTS AND PROCEEDINGS*

Karl Roth Powers was injured in an automobile collision in December 1994 involving an uninsured driver. At the time, he was a passenger in a car insured by State Farm. The State Farm policy included uninsured/underinsured motorist (UM/UIM) coverage. Powers also had his own UM/UIM

coverage with United Services Automobile Association (USAA).

State Farm had the primary obligation to pay any damages resulting from Powers's injury, up to the limit of its policy coverage, under the priority criteria set forth in AS 28.22.221.[1] USAA was obligated to pay damages that exceeded those covered by State Farm, up to the limits of its coverage.[2] Each policy contained an arbitration clause allowing either party to the insurance contract to demand arbitration of any disputes.[3]

In June 1995 Powers and his wife Andrea demanded arbitration with State Farm over the issue of damages. Karl Powers sought compensation for medical expenses, loss of wages, pain and suffering, and loss of enjoyment of life. Andrea Powers sought compensation for loss of consortium. The Powerses did not make a similar demand upon USAA.

Ten months later, in April 1996, counsel for Karl Powers sent USAA's local representative, Northern Adjusters, a letter that stated:

> Mr. Powers is arbitrating his damages case with State Farm. Northern Adjusters has secondary coverage for Mr. Powers. To the extent that Northern Adjusters is liable for excess, you are hereby advised of the Demand for Arbitration, and a copy is enclosed.

Unfortunately, this letter did not contain a copy of the demand for arbitration sent to State Farm; rather it contained an apparent[4] demand for arbitration with Northern Adjusters.

Neither the letter nor the demand for arbitration invited USAA to participate in the State Farm arbitration, nor suggested that USAA seek to intervene. Northern Adjusters forwarded the letter and demand to USAA, and advised the Powerses' counsel to review the document demanding arbitration with Northern Adjusters as it contained errors. Counsel for the Powerses responded that while the demand "was poorly drafted ... it was/is intended to advise USAA that the uninsured motorist case will be arbitrated, and USAA is responsible for any excess." USAA did not respond to the letter and took no action regarding the State Farm arbitration.

In October 1996 the arbitrators in the State Farm arbitration issued their Decision and Order. Together with an additional order issued in December, the award to the Powerses totaled $259,105.70, plus costs and arbiters' fees. State Farm paid the Powerses its UM/UIM policy limit of $100,000 plus costs and fees for a total of $133,859.59. The Powerses then demanded that USAA pay its coverage limit of $100,000 to compensate for the excess damages not covered by State Farm. USAA responded that it was not bound by the State Farm arbitration and requested Powers's medical records for an independent evaluation. Ultimately, USAA

---

1. AS 28.22.221 states, in part:

    *Policy coverage and priorities.* ... If a person is entitled to uninsured or underinsured motorist coverage under more than one policy providing motor vehicle liability coverage, payments will be made in the following order of priority, subject to the limit of liability of each applicable policy or coverage:

    (1) a policy or coverage covering a motor vehicle occupied by the injured person ... as a named insured;

    (2) a policy or coverage covering a motor vehicle occupied by the injured person as an insured other than a named insured;

    (3) a policy or coverage not covering a motor vehicle occupied by the injured person but covering the injured person as a named insured....

2. *See id.*

3. USAA's policy stated in part:

    If we and a covered person do not agree:
    1. Whether that person is legally entitled to recover damages under this coverage; or
    2. As to the amount of damages;
    either party may make a written demand for arbitration....

4. The document enclosed by counsel is confusing. It begins with a sentence fragment:

    PLEASE TAKE NOTICE that the filing party, a party to an Insurance Policy providing for protection against loss due to personal injuries sustained in an accident involving an Uninsured Motorist which provides for arbitration thereunder.

    It then names, as the "Individual with whom claim was discussed," an adjuster for State Farm. Finally, under "claim number," it sets out the number of Karl Powers's contract with USAA.

disputed the amount of damages claimed by the Powerses and demanded separate arbitration.

The Powerses then filed suit against USAA seeking, among other things, enforcement against USAA of the arbitration award. The Powerses argued that USAA was collaterally estopped from re-litigating the issues decided in the State Farm arbitration. The Powerses also argued that USAA had waived its right to arbitrate damages. USAA sought an order compelling the Powerses to arbitrate their dispute with USAA and dismissing the case with prejudice.

The superior court found the parties' motions to be, "in essence, requests for summary judgment regarding their rights and obligations under the UIM policy." It then dismissed the Powerses' complaint, and granted USAA's motion to enforce the arbitration clause of the parties' insurance contract. The court held that USAA was not collaterally estopped from demanding arbitration because there was a lack of privity between State Farm and USAA. It further held that because neither the Powerses nor USAA "took any action to attempt a consolidation of arbitrations[,]" USAA did not waive its right to arbitration.

This appeal followed.

## III. *STANDARD OF REVIEW*

■ In "reviewing a grant of summary judgment, [we] must determine whether any genuine issue of material fact exists and whether the moving party is entitled to judgment on the law applicable to the established facts."[5] The applicability of estoppel principles to a particular set of facts is a legal question over which we exercise independent review.[6]

## IV. *DISCUSSION*

### A. *USAA Was Not Collaterally Estopped from Demanding Arbitration.*

■ Collateral estoppel, or issue preclusion, prohibits a party from relitigating an issue where

(1) the party against whom the preclusion is employed was a party to or in privity with a party to the first action; (2) the issue precluded from relitigation is identical to the issue decided in the first action; (3) the issue was resolved in the first action by a final judgment on the merits; and (4) the determination of the issue was essential to the final judgment.[7]

■ The Powerses argue that the superior court erred in holding that collateral estoppel did not preclude USAA from requiring a second arbitration of damages. This is so, the Powerses contend, because USAA had notice of the arbitration, USAA and State Farm's interests were identical, and USAA's interests were adequately protected by State Farm's participation. USAA challenges these assertions, and argues that the superior court correctly concluded that USAA lacked the privity with State Farm necessary to be bound by the determination in the first arbitration. We agree.

### 1. *Privity*

■ USAA was not a party to the arbitration between the Powerses and State Farm. As noted above, a prior judgment will have a preclusive effect on a non-party only if the non-party was in privity with a party to the prior action.[8] Accordingly, USAA can be bound by the prior Powerses–State Farm arbitration only if it was in privity with State Farm.

We have adopted the approach of the Second Restatement of Judgments to issues involving privity; it is an approach that "relies on the various specific relationships that jus-

**5.** *Jackinsky v. Jackinsky,* 894 P.2d 650, 654 (Alaska 1995) (quoting *Wright v. State,* 824 P.2d 718, 720 (Alaska 1992)).

**6.** *See Sever v. Alaska Pulp Corp.,* 931 P.2d 354, 359 n. 4 (Alaska 1996) (citing *State v. United Cook Inlet Drift Ass'n,* 895 P.2d 947, 950 (Alaska 1995)).

**7.** *Jackinsky,* 894 P.2d at 654 (citations omitted).

**8.** *See Alaska Foods, Inc. v. Nichiro Gyogyo Kaisha, Ltd.,* 768 P.2d 117, 121 (Alaska 1989) (citing *Blake v. Gilbert,* 702 P.2d 631, 634–35 (Alaska 1985); *Drickersen v. Drickersen,* 546 P.2d 162, 170–71 (Alaska 1976); *Pennington v. Snow,* 471 P.2d 370, 374–76 (Alaska 1970)).

tify preclusion."[9]

According to the Restatement, a non-party may be bound by a determination in a prior action if the non-party (1) substantially participated in the control of a party's presentation in the adjudication or had an opportunity to do so;[10] (2) agreed to be bound by the adjudication between the parties;[11] or (3) was represented by a party in a capacity such as trustee, agent, or executor.[12]

None of these prerequisites exists here. There is no evidence USAA participated in or controlled in any way State Farm's presentation in the arbitration, nor that USAA had any relationship with State Farm. To the contrary, the evidence indicates that USAA had no involvement in the arbitration, and had no contractual relationship with State Farm. In fact, the contract imposing liability on USAA—that between Powers and USAA—specifically stated that any judgment for damages arising out of a suit brought without USAA's consent is not binding upon USAA.

In addition, USAA and State Farm's interests, while similar, were not identical. USAA had no liability until State Farm's policy limit was exceeded.[13] Furthermore, USAA's interest was markedly different in that it had no interest in defending against any amount under $100,000, while State Farm had no interest in defending against any amount over $100,000. As USAA points out, State Farm would have considerably less interest in appealing the final award than USAA, as even a substantial reduction would still result in State Farm paying its full limit.

In sum, it can hardly be said that USAA and State Farm's interests were identical, that State Farm protected USAA's interests, or that USAA had meaningful notice and an opportunity to be heard. USAA was aware of the arbitration, but that alone does not constitute a relationship justifying imposition of liability.[14] The superior court correctly held that USAA was not collaterally estopped from demanding arbitration with the Powerses because it lacked privity with State Farm.

### 2. Other collateral estoppel issues

USAA also argues that it cannot be collaterally estopped because the private arbitration between the Powerses and State Farm did not constitute an action, and because the resulting decision and order was not a "final judgment."[15] Because we have concluded that there was no privity between State Farm and USAA and that USAA is therefore not collaterally estopped from demanding arbitration, we need not reach these issues.

### B. USAA Did Not Waive Its Right to Demand Arbitration.

Alternatively, the Powerses argue that USAA waived its right to arbitrate this dispute by its "willful failure to participate in the subject arbitration." This argument lacks merit.

The superior court stated that "[t]here is much to commend adoption of a policy encouraging consolidated arbitration of claims arising out of the same auto accident" because it provides "prompt, inexpensive and final resolution of disputes." Nevertheless, the court held that because the contact between USAA and the Powerses' counsel prior to arbitration was minimal, and the Powerses did not demand that USAA participate in the State Farm arbitration, or make any effort to consolidate the arbitrations, USAA did not waive its right to arbitration. This reasoning is sound.

Waiver is an "express or implied voluntary and intentional relinquishment of a

---

9. *Id.* (citations omitted).

10. *See* Restatement (Second) of Judgments § 39 (1982).

11. *See id.* § 40.

12. *See id.* § 41.

13. *See* AS 28.22.221.

14. *See Loveridge v. Fred Meyer, Inc.*, 125 Wash.2d 759, 887 P.2d 898, 900–01 (1995) (holding mere awareness of a proceeding, without participation or control, is insufficient to establish privity for res judicata purposes).

15. For the elements of collateral estoppel, see *supra* text accompanying note 7.

known or existing right." [16] For a waiver to be implied from a party's conduct, that conduct "must be clear and unambiguous." [17] In *Airoulofski v. State*,[18] we established the requirements for implied waiver:

> An implied waiver arises where the course of conduct pursued evidences an intention to waive a right, or is inconsistent with any other intention than a waiver, or where neglect to insist upon the right results in prejudice to another party. To prove an implied waiver of a legal right, there must be direct, unequivocal conduct indicating a purpose to abandon or waive the legal right....
>
> Neglect to insist upon a right only results in an estoppel, or an implied waiver, when the neglect is such that it would convey a message to a reasonable person that the neglectful party would not in the future pursue the legal right in question. Even where neglect results in prejudice to another party, for an implied waiver to arise there must be direct, unequivocal conduct indicating a purpose to abandon the right.[19]

■ Under the facts of this case, USAA cannot be said to have engaged in direct, unequivocal conduct that indicated its purpose to abandon its right to demand arbitration with the Powerses. Its failure to pursue intervention in the State Farm arbitration would not convey to a reasonable person that it would not pursue its right to arbitration in the future, for several reasons.

First, the notice the Powerses provided USAA did not invite USAA to participate in their arbitration with State Farm. Without such an invitation, USAA cannot be said to have refused to participate.

■ Second, following this notice, the Powerses took no action to join USAA, or seek consolidation of their claims against State Farm and USAA. As the superior court correctly noted, "[w]hen an uninsured motorist is represented by counsel, the motorist ordinarily cannot claim that her insurer waived its right to arbitration unless the motorist herself makes some effort to enforce that right." [20]

Finally, it is not clear that USAA could have intervened had it so desired. The arbitration between the Powerses and State Farm was private, based upon a contract to which USAA was not a party. As previously indicated, the Powerses did not invite USAA to join. It does not appear that State Farm did either. State Farm's contract with the Powerses is not part of the record, so the question of whether or not USAA could have intervened based upon the contractual language providing for arbitration is beyond this court's review.

In *Consolidated Pacific Engineering, Inc. v. Greater Anchorage Area Borough*,[21] we held that where an agreement to arbitrate is silent concerning consolidation, and one party objects, the court has no jurisdiction to order consolidation.[22] Again, while no party in this case objected to consolidation, neither did either party invite USAA to participate. The Powerses imply that because there were not two arbitrations to consolidate, *Consolidated Pacific Engineering* is inapposite. However, the Powerses did in fact send

16. *Hillman v. Nationwide Mut. Fire Ins. Co.*, 758 P.2d 1248, 1253 (Alaska 1988) (citations omitted).

17. *Id.* (citations omitted).

18. 922 P.2d 889 (Alaska 1996).

19. *Id.* at 894 (citations and quotation marks omitted).

20. *See Hillman*, 758 P.2d at 1253.

21. 563 P.2d 252 (Alaska 1977).

22. *See id.* At 255. The superior court indicated that there was "a reasonable likelihood that the arbitrations would have been consolidated if any party had so requested" because both USAA and State Farm's arbitration clauses require application of local or state rules, and Alaska Rule of Civil Procedure 42 encourages consolidation of similar claims. This is arguably correct in that the decision in *Consolidated Pacific Engineering* was based upon the interpretation of an arbitration clause specifying the use of the American Arbitration Association's rules, which require consent from all parties to consolidate. *See* 563 P.2d at 255. However, because the Powers–State Farm contract is not in the record, we cannot determine what the arbitration terms were.

USAA a separate demand for arbitration with USAA. Thus, there were two demands for two separate arbitrations. In any case, even had the Powerses not sent USAA a demand for arbitration, the Powerses do not explain how USAA could have intervened, and the Alaska Uniform Arbitration Act provides no guidance.[23]

In conclusion, USAA did not engage in conduct directly or unequivocally waiving its contractual right to arbitration. It was not on notice it would be bound by the arbitration between the Powerses and State Farm, it was not invited to participate, and it is not clear that USAA could have intervened on its own motion. The superior court's ruling that USAA did not waive its right to arbitration was correct.

## V. CONCLUSION

Because USAA lacked privity with State Farm, it is not collaterally estopped from demanding arbitration of the Powerses' claim pursuant to its contract with the Powerses. Further, because USAA did not engage in direct and unequivocal conduct evincing an intention to waive its right to arbitration, it did not waive this right. Accordingly, we AFFIRM the decision of the superior court.