NOTICE

*The text of this opinion can be corrected before the opinion is published in the Pacific Reporter. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

# IN THE COURT OF APPEALS OF THE STATE OF ALASKA

CHRISTIAN LYNN BEIER,

                    Appellant,

          v.

STATE OF ALASKA,

                    Appellee.

Court of Appeals No. A-12943
Trial Court No. 3AN-15-9578 CR

O P I N I O N

No. 2587 — January 26, 2018

Appeal from the Superior Court, Third Judicial District, Anchorage, Kevin Saxby and Jack W. Smith, Judges.

Appearances: Gary Soberay, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant. Donald Soderstrom, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for the Appellee. Doug Wooliver, Deputy Administrative Director, Anchorage, for *amicus curiae* Alaska Court System.

Before: Mannheimer, Chief Judge, and Allard and Wollenberg, Judges.

Judge ALLARD.

Alaska Statute 22.20.022 provides for peremptory challenges to judges. Alaska Criminal Rule 25(d) implements this right in criminal cases.[1] Under Rule 25(d), the prosecution and the defense are each entitled to one peremptory challenge if they file their notice of change of judge within five days after receiving notice that the judge has been assigned to try the case (provided that they have not participated in proceedings before that judge in the interim).[2]

In the present case, Christian Lynn Beier was notified at a Tuesday trial call that Anchorage Superior Court Judge Kevin Saxby was assigned to preside over his trial. Beier's attorney filed a peremptory challenge of Judge Saxby the following Monday, which was within the five days permitted by the rule. (Under the provisions of Alaska Criminal Rule 40(a), the intervening weekend days are not included in the five-day calculation.[3]) But the superior court ruled that the defense attorney's peremptory challenge was untimely because, under a standing order of the Anchorage superior court, litigants who were notified of a judicial assignment at a Tuesday trial call were required to file any peremptory challenge by Thursday at noon (that is, within a day and a half).

---

[1]  *See Main v. State*, 668 P.2d 868, 872 (Alaska App. 1983).

[2]  *See* Alaska R. Crim. P. 25(d)(2), (5).  Alaska Criminal Rule 25(d)(5) provides:
   A party loses the right under this rule to change a judge when the party, after reasonable opportunity to consult with counsel, agrees to the assignment of the case to a judge or knowing that the judge has been permanently assigned to the case, participates before the judge in an omnibus hearing, any subsequent pretrial hearing, a hearing under Rule 11, or the commencement of trial.

[3]  Under Criminal Rule 40(a), weekends and holidays are excluded from calculation when a prescribed time period is less than seven days.

Beier now appeals the denial of his peremptory challenge under Alaska Appellate Rule 216(a)(2).[4]

The State of Alaska has filed a brief in opposition to Beier's appeal. At our request, the Alaska Court System has also filed a brief — but the court system concedes that the Anchorage superior court's standing order is unenforceable to the extent that it conflicts with the provisions of Criminal Rule 25(d).

For the reasons explained here, we accept the court system's position that the shorter time limit specified in the Anchorage standing order is unenforceable.

*The State's argument on appeal*

The State contends that the Anchorage standing order constitutes a lawful exercise of the superior court's authority under Alaska Criminal Rule 53 to relax the five-day time period specified in Rule 25(d)(2). Rule 53 gives courts the authority to relax or dispense with criminal rules "in any case where it shall be manifest to the court that a strict adherence to them will work injustice." The State argues that the Anchorage superior court's standing order falls within the purview of that rule because it is designed to effectuate the timely and efficient administration of justice in felony cases and to prevent the kind of undue delay and witness availability problems that peremptory challenges filed on the eve of trial can create.

But Rule 53 is inapplicable to this situation. As noted above, Rule 53 authorizes a judge to dispense with a provision of the criminal rules when, in the context of an individual case, the judge concludes that a strict adherence to the rule as written will manifestly lead to injustice. In contrast, the Anchorage superior court's standing

---

[4] Appellate Rule 216(a)(2) allows a criminal defendant to seek immediate appellate review when their peremptory challenge of a judicial officer is denied.

order is not an adjudicative ruling by an individual judge in an individual case. Instead, it is a rule of local practice — a rule that applies to *all* felony cases scheduled for trial in the Anchorage superior court. In the words of Alaska Administrative Rule 46(c)(2), this standing order is a "non-adjudicating directive" that "effectuat[es] administrative concerns."

Administrative Rule 46(a) grants authority to the presiding judge of a judicial district to promulgate such administrative orders, but Administrative Rule 46(b) declares that:

> No order shall be promulgated that is inconsistent with the
> Alaska Statutes or the Alaska Rules of Court. The vesting of
> all rulemaking authority in the Alaska Supreme Court shall
> be recognized.

Our case law likewise recognizes that a local practice rule cannot directly conflict with the statutes or the rules.[5]

We therefore reject the State's argument that the Anchorage superior court's standing order is justified under Criminal Rule 53. Instead, we conclude that the procedural and substantive requirements of Administrative Rule 46 govern the enforceability of the standing order at issue here.

*The Alaska Court System's position in this appeal*

Administrative Rule 46(e) specifies the procedures that must be followed when a presiding judge issues an administrative order. Among other requirements, the administrative order must be filed with the administrative director of the court system,

---

[5] *See Romero v. Alaska Financial Services, Inc.*, 873 P.2d 1278, 1280 (Alaska 1994); *Harris v. State*, 195 P.3d 161, 173 (Alaska App. 2008).

and the administrative director must review the order within thirty days to ensure that it does not conflict with the policy of uniform statewide rules and practices.[6]

Presiding judge orders that appear to be inconsistent with the Alaska Court Rules must be referred to the Alaska Supreme Court, who may disapprove or modify the order.[7] In addition, the clerks of court and the court system's law libraries are required to maintain a judicial Administrative Order Book that includes the orders that have been reviewed by the Supreme Court.[8]

We reviewed the Administrative Order Book maintained by the court system's law library in Anchorage, and we found that it did not contain the Anchorage standing order that is at issue in this case. Because we were unable to otherwise determine whether the superior court's standing order was submitted to the administrative director, and whether it went through the review process described in Administrative Rule 46, we asked the Alaska Court System to respond to Beier's appeal.

In its pleading, the court system concedes that the Anchorage standing order has not gone through the review procedures specified by Administrative Rule 46, and that the time limit specified in the standing order is not enforceable.

According to the court system's pleading, the standing order at issue in this case was "intended to facilitate the movement of cases by encouraging parties to agree to a newly assigned judge in time to start trial the following Monday" — but that the superior court did not intend to preclude parties from exercising peremptory challenges "in any case where a party exercises his or her right to challenge a judge after two days but within five days."

---

[6] Alaska R. Admin. P. 46(e)(1)-(2).

[7] Alaska R. Admin. P. 46(e)(2)-(3).

[8] Alaska R. Admin. P. 46(e)(4).

The court system further declares that it intends to "adopt practices to ensure that any peremptory challenge properly exercised within five days will not be deemed untimely in future cases."

Based on the provisions of Administrative Rule 46 and on the court system's response, we conclude that the shorter time limit specified in the Anchorage superior court's standing order is not enforceable. And because Beier's attorney filed his peremptory challenge within the time period specified in Criminal Rule 25(d), that challenge should have been granted.

*Conclusion*

The superior court's denial of Beier's peremptory challenge of Judge Saxby is REVERSED.