**OFFICE OF PUBLIC ADVOCACY,**
Petitioner,

v.

**SUPERIOR COURT, SECOND
JUDICIAL DISTRICT,**
Respondent.

**No. S–9508.**

Supreme Court of Alaska.

June 23, 2000.

Susan M. Carney, Assistant Public Advocate, Fairbanks, and Brant McGee, Public Advocate, Anchorage, for Petitioner.

Linda T. McKinney, Assistant Attorney General, Fairbanks, and Bruce M. Botelho, Attorney General, Juneau, for Respondent.

Before MATTHEWS, Chief Justice, EASTAUGH, FABE, BRYNER, and CARPENETI, Justices.

## OPINION

EASTAUGH, Justice.

### I. INTRODUCTION

The superior court ordered the Office of Public Advocacy (OPA) to continue to represent the father of children alleged to be children in need of aid, although the court found that the father was no longer eligible for appointed counsel. Interpreting Alaska Administrative Rule 12 and Alaska Rule of Criminal Procedure 39, we hold that the superior court had discretion to require OPA to continue to represent the father. We therefore affirm.

### II. FACTS AND PROCEEDINGS

In October 1999 OPA was appointed in two superior court proceedings to represent the father of two children who were alleged to be children in need of aid.[1] When the assigned OPA attorney learned that the father was employed in a position paying about thirty dollars an hour, OPA filed a motion asking the superior court to determine whether the father was eligible under Criminal Rule 39 for appointed counsel at state expense in the CINA proceedings.

---

1. These facts are taken from OPA's petition for review and the few papers submitted in support of the petition.

Magistrate Karen Hegyi, standing master for the superior court, found that the father was not eligible for appointed counsel, but recommended that OPA remain his attorney and that he pay attorney's fees at the rate of $100 per hour for the attorney's representation. The superior court, by order, found those recommendations to be reasonable and accepted them, implicitly accepting the finding that the father was not eligible for counsel appointed at state expense. The court noted that OPA was familiar with the case, and that the adjudication trial was then scheduled for January 10, 2000. "It is appropriate to continue the appointment under these circumstances so that the children and the other parties do not have a long delay in the hearing while a new attorney becomes familiar with the case." In so ruling, the superior court relied on Criminal Rule 39(e)(2)(B) and based that reliance on Alaska Child in Need of Aid (CINA) Rule 1(f). The court also required the father to pay his attorney's airfare and hotel costs when counsel attended court hearings in Barrow. The court required the father to pay fees beginning November 18, 1999, the date of OPA's motion to review the father's eligibility.

The superior court's order in the two consolidated cases was entered January 4, 2000, and was immediately transmitted by facsimile to all counsel.

On January 11, 2000, OPA filed a petition seeking our immediate review of this order. The adjudication hearing originally scheduled to begin January 10 had been continued by the superior court. On January 26 the Alaska Department of Health and Social Services (the petitioner in the two CINA cases) filed a response that joined the request for review and expressed the state's nonopposition to OPA's request for relief. On February 15 we issued an order granting the petition,

summarily affirming the superior court's decision continuing the appointment of OPA as counsel, and stating that an opinion would follow.

## III. DISCUSSION

### A. Standard of Review

■ We apply our independent judgment when interpreting the statutes governing appointment of counsel and our administrative and procedural rules.[2] We granted discretionary review in this case to clarify who is entitled to appointed counsel in such cases, and because the issue might otherwise evade review.[3]

### B. The Applicable Rules

OPA argues that the rules of criminal procedure do not apply because these were CINA proceedings and that the superior court should not have relied on Criminal Rule 39. OPA relies on Administrative Rule 12(d) and (f) to argue that appointed counsel must move to withdraw if the client is no longer eligible for appointed counsel. It argues that the superior court misconstrued its authority under CINA Rule 1(f), which, it argues, cannot be read to incorporate the criminal rules, particularly Criminal Rule 39. It also argues that Criminal Rule 39 does not address procedures governing the conduct of CINA hearings. Finally, it argues that the applicable statutes contradict the superior court's order. It refers us to AS 44.21.410(a)(5), and to AS 18.85.100 and AS 18.85.170. It reasons that because the father is not an "indigent person" as AS 18.85.170 defines that term,[4] he would not qualify for representation by the Public Defender Agency and therefore could not qualify for OPA representation.

2. See *Airoulofski v. State*, 922 P.2d 889, 892 (Alaska 1996) (applying independent judgment to interpretation of civil rules); *Deal v. Kearney*, 851 P.2d 1353, 1356 n. 4 (Alaska 1993) (applying independent judgment to interpretation and application of statute).

3. See Alaska R.App. P. 402(b)(2), (4).

4. AS 18.85.170 states in relevant part:
    (4) "indigent person" means a person who, at the time need is determined, does not have

sufficient assets, credit, or other means to provide for payment of an attorney and all other necessary expenses of representation without depriving the party or the party's dependents of food, clothing, or shelter and who has not disposed of any assets since the commission of the offense with the intent or for the purpose of establishing eligibility for assistance under this chapter....

We first note that the conjunction of AS 18.85.100(a) [5] and Administrative Rule 12(b)(1) [6] gives OPA authority to represent indigent persons entitled to representation in CINA proceedings. Administrative Rule 12(b)(1) governs a conflict situation, specifying that a person entitled to a public defender under AS 18.85.100(a) will receive an OPA attorney if the Public Defender Agency has a conflict. That is the undisputed situation here, given OPA's assertion that it was appointed to represent the father because the Public Defender Agency had a conflict of interest. And OPA has recognized that it was primarily responsible for the father's representation under AS 18.85.100(a).

Upon learning that its client was potentially ineligible for representation at public expense, OPA appropriately moved, as it was required to do, for a determination of eligibility. [7] Administrative Rule 12(b)(2) requires that determinations of eligibility for appointment of counsel must be made in accordance with the provisions of Criminal Rule 39. That is so even when an appointment concerns not a criminal matter but a CINA proceeding, because Administrative Rule 12(b)(1) refers to appointments under AS 18.85.100(a), and that statute encompasses appointments in CINA proceedings.

Consequently, Criminal Rule 39(e) applies in this case. Criminal Rule 39(e)(2) gives the superior court authority to fashion appropriate relief if it determines that a party is no longer eligible for court-appointed counsel. [8] Criminal Rule 39(e)(2) permits the superior court either to terminate the appointment or to continue the appointment. If the court chooses the latter alternative, it may, at the

5. AS 18.85.100(a) expressly covers CINA appointments:

An indigent person who is under formal charge of having committed a serious crime and the crime has been the subject of an initial appearance or subsequent proceeding, or is being detained under a conviction of a serious crime, or is on probation or parole, *or is entitled to representation under the Supreme Court Delinquency or Child in Need of Aid Rules,* or is detained under an order issued under AS 18.15.120—18.15.149, or against whom commitment proceedings for mental illness have been initiated, is entitled

(1) to be represented, in connection with the crime or proceeding, by an attorney to the same extent as a person retaining an attorney is entitled; and

(2) to be provided with the necessary services and facilities of this representation, including investigation and other preparation. (Emphasis added.)

6. Administrative Rule 12(b)(1) states:

*Appointments Under AS 18.85.100(a) (Public Defender Agency).*

(1) Appointment Procedure.

(A) When a person is entitled to counsel under AS 18.85.100(a), appointments shall be made first to the public defender agency. If the agency files a motion to withdraw on the grounds that it cannot represent the person because of a conflict of interest, if the parties stipulate on the record that the agency has a conflict of interest, or if the court on its own motion finds an obvious conflict of interest, the court accepting such motion or stipulation or making such finding shall appoint the office of public advocacy to provide counsel.

(B) The court may appoint an attorney in a case in which the office of public advocacy has been appointed only if:

(i) The office of public advocacy has shown that it is unable to provide counsel either by staff or by contract; and

(ii) The office of public advocacy has provided the court with the name or names of the attorneys who shall be appointed in that particular case.

The office of public advocacy shall be responsible for compensating any attorney appointed under this subparagraph.

(C) All claims for payment for services performed after July 1, 1984, by attorneys appointed by the court shall be submitted to the director of the office of public advocacy, under such procedures as the director may prescribe. The director shall approve, modify or disapprove the claim.

7. Administrative Rule 12(b)(2) provides: *"Determination of Indigency.* Determination of indigency or financial inability for appointments under paragraph (b) of this rule must be made in accordance with the provisions of Criminal Rule 39."

8. Criminal Rule 39(e)(2) provides:

If the court determines that a defendant is no longer eligible for court-appointed counsel under Criminal Rule 39.1, the court may

(A) terminate the appointment; or

(B) continue the appointment and, at the conclusion of the criminal proceedings against the defendant in the trial court, enter judgment against the defendant for the actual cost of appointed counsel, including actual expenses, from the date of the change in the defendant's financial status through the conclusion of the trial court proceedings.

conclusion of the proceedings, enter judgment for the actual cost of appointed counsel including actual expenses.

The superior court in this case therefore had authority to decide whether to terminate or continue OPA's appointment. Having decided to continue the appointment, the court then appropriately followed the procedure set out in Criminal Rule 39(e)(2)(B) to recapture the cost of counsel's services and expenses.

In so holding, we reject OPA's argument that Administrative Rule 12(d) requires a different result. That rule provides:

> *Withdrawal From Unauthorized Appointment.* The public defender agency and the office of public advocacy shall accept appointments only in those cases for which the basis for the appointment is clearly authorized. If the agency or office determines that the basis for an appointment is not clearly authorized, the agency or office shall file with the court a motion to withdraw from the appointment.

Rule 12(d) obliges OPA to move to withdraw if it determines that the basis for an appointment is not clearly authorized. It does not, however, require the superior court to order OPA to withdraw. Rule 12(d) imposes an obligation on the agency, not the court. Instead, as we saw above, Administrative Rule 12(b)(2) adopts Criminal Rule 39(e), and that rule permits the court to continue an appointment even if the client is ineligible.

The superior court also relied on CINA Rule 1(f) as authority for invoking Criminal Rule 39(e)(2)(B).[9] In our view, that reliance was appropriate. CINA Rule 1(f) confirmed the authority of the superior court to adopt the procedure set out in Criminal Rule 39(e)(2)(B).

## IV. *CONCLUSION*

Because the superior court had authority to continue OPA's representation of the father, we AFFIRM the order continuing OPA's appointment.

---

9. CINA Rule 1(f) states:
   *Situations Not Covered by These Rules.* Where no specific procedure is prescribed by these rules, the court may proceed in any lawful manner, including application of the Civil Rules, applicable statutes, the Alaska and United States Constitutions or the common law. Such a procedure may not be inconsistent with these rules and may not unduly delay or otherwise interfere with the unique character and purpose of child in need of aid proceedings.