AVCP REGIONAL HOUSING
AUTHORITY, Appellant,

v.

R.A. VRANCKAERT COMPANY, INC.;
Kuukpik Corporation; and R.A. Vranck-
aert Company, Inc./Kuukpik Corpora-
tion Joint Venture, Appellees.

R.A. Vranckaert Company, Inc.; Kuukpik
Corporation; and R.A. Vranckaert Com-
pany, Inc./Kuukpik Corporation Joint
Venture, Petitioners,

v.

AVCP Regional Housing Authority,
Respondent.

Nos. S–9872, S–9893.

Supreme Court of Alaska.

May 17, 2002.

Tracy L. Knutson, Sisson & Knutson, P.C., Anchorage, for Appellant and Respondent.

Roger F. Holmes, Biss & Holmes, Anchorage, for Appellees and Petitioners.

Before: FABE, Chief Justice, EASTAUGH, BRYNER, and CARPENETI, Justices.

*OPINION*

FABE, Chief Justice.

## I. INTRODUCTION

Two groups of tenants, the *Nilsson* plaintiffs and the *Engler* plaintiffs, sued their landlord, the Association of Village Council Presidents Regional Housing Authority (AVCP), for injuries caused by exposure to carbon monoxide emissions from their gas ranges. The contractor, R.A. Vranckaert Company, had forgotten to convert the stoves from natural gas to propane before turning the housing project over to AVCP.

After settling with the *Nilsson* plaintiffs, AVCP moved to amend its third-party complaint against Vranckaert to include a claim of equitable indemnity. Superior Court Judge Dale O. Curda denied the motion and dismissed AVCP from the action. Rather than appealing, AVCP filed a new action against Vranckaert asserting various indemnity claims. Based on Judge Curda's order, Superior Court Judge Karen L. Hunt ruled that these claims were barred by the doctrine of res judicata.

The *Engler* plaintiffs then sued both AVCP and Vranckaert. AVCP asserted the same indemnity claims in its third-party complaint against Vranckaert. Superior Court Judge Niesje J. Steinkruger granted Vranckaert summary judgment on the claims of express contractual indemnity and passive negligence, but denied summary judgment on the claims of implied contractual indemnity, breach of contract, and negligence.

We affirm the decisions of Judge Steinkruger and Judge Hunt granting summary judgment in Vranckaert's favor on AVCP's claim of passive negligence. We also affirm Judge Steinkruger's decision granting summary judgment in Vranckaert's favor on AVCP's claim of express contractual indemnity. But we reverse Judge Steinkruger's decision on AVCP's claim of implied contractual indemnity because Vranckaert is entitled to judgment as a matter of law on that claim. In addition, to the extent that the breach of contract and negligence claims seek implied contractual indemnification for amounts that AVCP paid in settlement to the two groups of plaintiffs or for AVCP's defense costs in that litigation, we conclude that Vranckaert is entitled to judgment in its favor.

## II. FACTS AND PROCEEDINGS

In 1991 Vranckaert installed gas kitchen ranges in twelve apartments under a contract with AVCP to construct new low-income housing units in Bethel. For purposes of this proceeding, Vranckaert admits that its workers failed to properly fit the stoves for propane gas. Beginning in August 1992, tenants made numerous complaints to AVCP about the stoves and ovens not working properly. Between May 1994 and September 1997 AVCP received thirty-five service requests from ten apartments relating to problems with the stoves and ovens. AVCP generally responded to these complaints by repairing the stove or oven in question.

In October and November 1995 several tenants from different apartments called the Bethel Fire Department complaining of nausea and headaches and reporting gas odors and sounding carbon monoxide alarms. The fire department directed AVCP to repair the gas leaks on November 22, 1995, after it found excessive carbon monoxide levels in several apartments. AVCP's executive director, Don Fancher, agreed to install proper gas orifices in the stoves and carbon monoxide detectors in each apartment by the following day.

On December 1, 1995, after receiving additional calls regarding possible gas leaks from tenants, the fire chief wrote a second letter to Fancher, stating that the fire department had received three calls from the same apartment reporting unsafe carbon monoxide levels and had heard no word from AVCP regarding replacement of the orifices. It is unclear when or if AVCP replaced the orifices. Through 1997 tenants continued to report strong propane odors, problems with

the operation of their stoves, and sounding carbon monoxide alarms.

Tenants known as the *Nilsson* plaintiffs sued AVCP, claiming injury as a result of exposure to carbon monoxide. AVCP then filed a third-party complaint against Vranckaert, alleging that Vranckaert had "negligently installed propane stoves" and seeking equitable apportionment of damages. AVCP settled with the *Nilsson* plaintiffs after mediation. The *Nilsson* plaintiffs were granted leave to amend their complaint to assert a direct cause of action against Vranckaert after they discovered that Vranckaert had insurance coverage. Vranckaert subsequently settled with the *Nilsson* plaintiffs.

AVCP then sought to amend its third-party complaint against Vranckaert to include a claim of equitable indemnity. Judge Dale O. Curda denied AVCP's motion to amend and dismissed AVCP from the *Nilsson* suit, reasoning that "as 'Alaska does not recognize non-contractual indemnity . . .', AVCP–RHA has not asserted a viable cause of action. Tort Reform focuses on a relative allocation of the fault between the alleged tortfeasors." (Internal citations omitted.) Relying on *Carriere v. Cominco Alaska, Inc.*,[1] Judge Curda determined that a cause of action for implied indemnity does not exist under Alaska law.

Rather than appeal Judge Curda's decision, AVCP filed a new lawsuit against Vranckaert. AVCP asserted claims of express contractual indemnity, implied contractual indemnity, indemnity for passive negligence, breach of contract, and negligence. Vranckaert moved for summary judgment. Judge Karen L. Hunt granted the motion on the ground that the new claims were barred by res judicata because Judge Curda had already decided the same indemnity claims. She reasoned:

> Although the present complaint gives more detail about the underlying circumstances, the events alleged by AVCP in this case are the same events plead by AVCP in its third-party complaint in the consolidated [*Nilsson*] cases. . . . "[A] mere change in the legal theory asserted as a ground for recovery will not avoid the preclusive effect of [the] judgment."[2]

AVCP appeals that decision.

We consolidated AVCP's appeal in the *Nilsson* case[3] with Vranckaert's petition for review in the *Engler* case,[4] which arose out of the following facts. A second group of tenants, the *Engler* plaintiffs, sued AVCP and Vranckaert after the *Nilsson* plaintiffs had settled their claims. The *Engler* plaintiffs asserted the same claims that the *Nilsson* plaintiffs had asserted: negligence, breach of contract, failure to maintain fit premises, strict liability, and breach of the implied warranty of habitability.

AVCP filed a third-party complaint and cross-claim against Vranckaert, asserting claims of express and implied contractual indemnity, indemnity for passive negligence, breach of contract, and negligence. These claims were identical to those which Judge Hunt ruled were barred by res judicata because of Judge Curda's decision. Vranckaert settled with the *Engler* plaintiffs, and they released Vranckaert from liability. The *Engler* plaintiffs released AVCP from liability "only to the extent that AVCP–RHA may be vicariously liable" for the actions of Vranckaert and its partners. AVCP subsequently settled with the *Engler* plaintiffs.

Vranckaert then filed a motion for summary judgment. In ruling on AVCP's third-party complaint and cross-claim against Vranckaert in the *Engler* suit, Judge Niesje J. Steinkruger reached a different conclusion than Judge Hunt on the question of whether summary judgment should be granted on AVCP's indemnity claims. Relying on the doctrine of collateral estoppel rather than res judicata, Judge Steinkruger concluded that Judge Curda's decision did not bar the ex-

**1.** 823 F.Supp. 680, 688 (D.Alaska 1993).

**2.** Quoting *Donnelly v. Eklutna, Inc.*, 973 P.2d 87, 91 (Alaska 1999).

**3.** *AVCP Regional Housing Authority v. R.A. Vranckaert Co.*, Supreme Court Case No. S–09872, Superior Court Case No. 3AN–99–11339 CI.

**4.** *R.A. Vranckaert Co. v. AVCP Regional Housing Authority*, Supreme Court Case No. S–09893, Superior Court Case No. 4BE–99–0058–CI.

press and implied contractual indemnity claims. She reasoned that these claims are not identical to equitable indemnity because express and implied contractual indemnity require proof of a contract, whereas equitable indemnity does not. However, just as Judge Hunt had concluded, Judge Steinkruger ruled that the passive negligence claim was barred because it "is the same claim as the equitable indemnity claim brought in the Nilsson case, albeit [under] a different name."

Although Judge Steinkruger found that Judge Curda's decision did not preclude AVCP's express contractual indemnity claim, she ruled that Vranckaert was entitled to judgment as a matter of law on that claim. Judge Steinkruger denied summary judgment on the claims of implied contractual indemnity, breach of contract, and negligence.

The decisions of Judges Steinkruger and Hunt thus conflict on the issue of whether AVCP's claims of express and implied contractual indemnity, breach of contract, and negligence are barred by Judge Curda's decision. Judge Steinkruger permitted AVCP's claims of implied contractual indemnity, breach of contract, and negligence to go forward, in contrast to Judge Hunt's decision that all of AVCP's indemnity claims were barred by Judge Curda's decision. We granted Vranckaert's petition for review of Judge Steinkruger's ruling and consolidated it with AVCP's appeal from Judge Hunt's decision.

## III. DISCUSSION

### A. Standard of Review

■ The issues before us are (1) whether the doctrines of res judicata or collateral estoppel bar any of AVCP's claims; and (2) whether judgment as a matter of law is otherwise proper on any of AVCP's claims. We review a grant or denial of summary judgment de novo.[5] A moving party is entitled to summary judgment if no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law.[6] We are not bound by the reasoning articulated by the superior court and can affirm a grant of summary judgment on alternative grounds, including grounds not advanced by the superior court or the parties.[7] "The applicability of estoppel principles to a particular set of facts is a legal question over which we exercise independent review."[8]

### B. The Doctrines of Res Judicata and Collateral Estoppel Bar AVCP's Claim of Passive Negligence.

Judge Hunt ruled that AVCP's five indemnity claims were barred by the doctrine of res judicata because Judge Curda had already decided the same claims. We have held that "[u]nder the doctrine of res judicata, a judgment in a prior action operates as a bar to a subsequent action if (1) the prior judgment was a final judgment on the merits, (2) a court of competent jurisdiction rendered the prior judgment, and (3) the same cause of action and same parties or their privies were involved in both suits."[9]

■ Judge Steinkruger held that the doctrine of collateral estoppel did not bar AVCP's express and implied contractual indemnity claims but did bar AVCP's passive negligence claim. Collateral estoppel or issue preclusion bars the relitigation of an issue where:

(1) the party against whom the preclusion is employed was a party to or in privity with a party to the first action; (2) the issue precluded from relitigation is identical to the issue decided in the first action; (3) the issue was resolved in the first ac-

---

**5.** *United Airlines, Inc. v. Good Taste, Inc.*, 982 P.2d 1259, 1262 (Alaska 1999); *Jackinsky v. Jackinsky*, 894 P.2d 650, 654 (Alaska 1995).

**6.** Alaska R. Civ. P. 56(c); *see also Jackinsky*, 894 P.2d at 654.

**7.** *Hoffman Constr. Co. of Alaska v. U.S. Fabrication & Erection, Inc.*, 32 P.3d 346, 351 (Alaska 2001).

**8.** *Powers v. United Servs. Auto. Ass'n*, 6 P.3d 294, 297 (Alaska 2000).

**9.** *White v. State, Dep't of Natural Res.*, 14 P.3d 956, 959 (Alaska 2000).

tion by a final judgment on the merits; and (4) the determination of the issue was essential to the final judgment.[10]

■ Both doctrines are "founded upon the principle that parties ought not to be permitted to litigate the same issue more than once and that when a right or fact has been judicially determined by a court of competent jurisdiction or an opportunity for such trial has been given, the judgment of the court, so long as it remains unreversed, should be conclusive upon the parties." [11] The earlier judgment in question here is Judge Curda's decision in the Bethel trial court denying AVCP's motion to amend its complaint to assert an equitable indemnity claim against Vranckaert.

The parties do not dispute that the Bethel trial court is a court of competent jurisdiction, nor do they question whether Judge Curda's involuntary dismissal of AVCP is a final judgment. The crux of the dispute before us is whether the causes of action or issues before Judges Steinkruger and Hunt had already been litigated before Judge Curda.

Vranckaert argues that all five indemnity claims asserted by AVCP are barred by the doctrine of res judicata because they arise out of the same transaction as the equitable indemnity claim.[12] Vranckaert maintains that AVCP's pleadings in *Nilsson* indicate that AVCP did not limit itself to claims of legal indemnity. Rather, Vranckaert argues, AVCP's motion to amend to include an equitable indemnity claim also contemplated claims of express and implied contractual indemnity, and Judge Curda ruled on those claims. Therefore, Vranckaert concludes, AVCP's contract-based indemnity claims are barred by res judicata.

■ We conclude that Judge Curda issued a final decision only on the merits of AVCP's equitable indemnity claim. In ruling that equitable indemnity is not a viable cause of action, Judge Curda distinguished the cases cited by AVCP in support of the viability of its equitable indemnity claim as relying on contract theory and equitable apportionment. Judge Curda quoted *Benner v. Wichman,* in which this court held that "despite our rejection of equitable indemnity in *Vertecs,* we certainly did not reject contractual indemnity." [13] Judge Curda's citation of contractual indemnity cases to distinguish the equitable indemnity claim does not amount to a decision on the merits of the contract-based indemnity claims. We interpret Judge Curda's decision as merely noting that while contractual indemnity may constitute a viable cause of action in Alaska, equitable indemnity cannot. AVCP's use of the more general term "indemnity" in its pleadings does not alter our conclusion that Judge Curda ruled only on the merits of the equitable indemnity cause of action.

■ Judge Steinkruger was correct in concluding that AVCP's passive negligence claim was adjudicated by Judge Curda. She reasoned:

> Since the claim for indemnity for passive negligence is the same claim as the equitable indemnity claim brought in the *Nilsson* case, albeit [under] a different name, the doctrine of collateral estoppel should bar this claim, because the claim was disposed of on its merits in a court of competent jurisdiction.

And counsel for AVCP conceded at oral argument before this court that AVCP's passive negligence claim was the same as the equitable indemnity claim that Judge Curda dismissed.

■ We also agree with Judge Steinkruger that AVCP's express and implied contractual indemnity claims are not collaterally estopped because they do not require relitigation of an issue identical to those issues resolved by Judge Curda. Express and im-

---

10. *Powers,* 6 P.3d at 297.

11. *Campion v. State, Dep't of Cmty. & Reg'l Affairs,* 876 P.2d 1096, 1101 (Alaska 1994) (internal citation omitted).

12. The five indemnity claims that AVCP asserts are: implied contractual indemnity, express con-

tractual indemnity, indemnity for passive negligence, breach of contract, and negligence.

13. 874 P.2d 949, 956 (Alaska 1994) (citing *Vertecs Corp. v. Reichhold Chems., Inc.,* 661 P.2d 619, 625–26 (Alaska 1983)).

plied contractual indemnity claims require proof of a contract to indemnify, whereas equitable indemnity is based on concepts of equity.[14] Having concluded that only AVCP's equitable indemnity and passive negligence claims were adjudicated by Judge Curda, we now turn to an examination of whether summary judgment is proper on the other four claims on any basis other than collateral estoppel or res judicata.[15]

### C. Vranckaert Is Entitled to Judgment as a Matter of Law on AVCP's Claims of Express Contractual Indemnity, Implied Contractual Indemnity, Breach of Contract, and Negligence.

#### 1. Express contractual indemnity

■ Judge Steinkruger granted Vranckaert summary judgment on AVCP's claim of express contractual indemnity. Judge Steinkruger reasoned that the contract for the construction of the Bethel housing units between AVCP and Vranckaert does not unequivocally provide that Vranckaert agreed to indemnify AVCP for AVCP's own negligence:

> [Paragraph 26 of the contract between Vranckaert and AVCP] does not indicate, as AVCP asserts, that Vranckaert agreed to indemnify AVCP for AVCP's own negligence....

AVCP nonetheless asserts that there is still a genuine issue of material fact as to its negligence against the plaintiffs, and that it is likely a jury would allocate 100%

of the fault to Vranckaert. While this may be a potential outcome, it does not change the fact that Vranckaert already settled with the plaintiffs for its negligence. Nor does it change the fact that AVCP has been released from vicarious liability for Vranckaert's actions.

We agree that Vranckaert is entitled to judgment on this claim as a matter of law.

■ In a construction contract, the unambiguous language of an indemnity clause as "reasonably construed" should be given effect.[16] Where, as here, there is no dispute about the surrounding circumstances of the contract, interpretation of the language of an indemnity clause is a question of law and appropriate to determine on summary judgment.[17] Paragraph 26 of the contract between Vranckaert and AVCP provides that the "Contractor," Vranckaert, "shall be responsible for all damages to persons or property that occur *as a result of its fault or negligence* in connection with the prosecution of the work...." (Emphasis added.) This provision merely states that Vranckaert will be responsible for "its" own fault or negligence, not that it will indemnify AVCP if AVCP acts negligently.[18] Because "its fault or negligence" qualified Vranckaert's undertaking, the clause cannot be read to cover AVCP's negligence. We affirm Judge Steinkruger's order granting summary judgment to Vranckaert on the express indemnity claim.

#### 2. Implied contractual indemnity

■ AVCP also alleges that Vranckaert failed in its implied duty under the

14. *See Fairbanks N. Star Borough v. Kandik Constr., Inc. & Assocs.,* 823 P.2d 632, 636 (Alaska 1991) (holding that "implied contractual indemnity ... rests on the principle that a contract to perform a service contains a three-part implied promise"); *Heritage v. Pioneer Brokerage & Sales, Inc.,* 604 P.2d 1059, 1067 (Alaska 1979) (describing express contractual indemnity as a "duty to indemnify [that] arises under contract").

15. The parties dispute whether AVCP was required to bring all of its indemnity claims when it moved to amend its third-party complaint in *Nilsson.* Because we conclude that Vranckaert is entitled to judgment as a matter of law on AVCP's indemnity claims, we need not reach this issue.

16. *C.J.M. Constr., Inc. v. Chandler Plumbing & Heating, Inc.,* 708 P.2d 60 (Alaska 1985); *Man-*

son–Osberg Co. v. State,* 552 P.2d 654, 659 (Alaska 1976); *see also Burgess Constr. Co. v. State,* 614 P.2d 1380 (Alaska 1980).

17. *See C.J.M. Constr.,* 708 P.2d at 63; *Earthmovers of Fairbanks, Inc. v. State,* 644 P.2d 238, 239 (Alaska 1982).

18. *See City & Borough of Juneau v. Alaska Elec. Light & Power Co.,* 622 P.2d 954, 956 (Alaska 1981) (holding that where the scope of the indemnity requirement is modified by the phrase "resulting from negligence on the part of the [indemnitor]," the phrase cannot reasonably be construed as intending that the indemnitor indemnify the indemnitee for the indemnitee's own negligence).

contract to perform the construction contract in a non-negligent manner. In *Fairbanks North Star Borough v. Kandik Construction & Associates,* we concluded that an action for implied contractual indemnity rests on the principle that a contract to perform a service contains an implied promise: "1) the indemnitor will perform the service in a proper manner, or 2) the indemnitor will discharge foreseeable damages resulting from improper performance, unless 3) the indemnitee's own participation in causing the damages precludes recovery."[19] Implied contractual indemnity is grounded on the principle that "the indemnitor's agreement to perform a contract necessarily implies an obligation to perform in a proper manner and to discharge foreseeable damages resulting to the plaintiff as a result of its breach."[20] It is not based on equitable considerations.[21]

In *Vertecs Corp. v. Reichhold Chemicals,* a case that predates the current several liability statute,[22] we held that Alaska does not recognize a cause of action for implied indemnity between concurrently negligent tortfeasors.[23] We rejected Vertecs's argument that "the common law would allow indemnity in any situation wherein one tortfeasor's conduct was not as blameworthy as another's and it would be just and fair as between the parties that the entire loss fall upon the indemnitor."[24] We determined that adoption of Vertecs's position would impose on courts the difficult task of determining what cases justify implied indemnity among concurrently negligent tortfeasors, would undermine the modern tort law goal of having each tortfeasor pay for the damages attributable to its own tortious acts, would discourage settlement, and would be judicially inefficient.[25] The same public policy consider-

ations dictate our conclusion that AVCP may not recover on a theory of implied contractual indemnity from Vranckaert; the plaintiffs had fault-based claims pending against AVCP, and AVCP's settlement was to resolve a dispute about its own negligence rather than to extinguish Vranckaert's liability.

Section 22 of the Restatement (Third) of Torts: Apportionment of Liability (1999) supports our conclusion. It requires the indemnitee to extinguish the liability of the indemnitor, by settlement or judgment, to collect indemnity. Section 22 provides:

(a) When two or more persons are or may be liable for the same harm and one of them discharges the liability of another in whole or in part by settlement or discharge of judgment, the person discharging the liability is entitled to recover indemnity in the amount paid to the plaintiff, plus reasonable legal expenses, if:

(1) the indemnitor has agreed by contract to indemnify the indemnitee, or

(2) the indemnitee

(i) *was not liable except vicariously for the tort of the indemnitor* or

(ii) was not liable except as a seller of a product supplied to the indemnitee by the indemnitor and the indemnitee was not independently culpable.

(Emphasis added.) Comment b to section 22 explains:

*[A]n indemnitee must extinguish the liability of the indemnitor to collect indemnity.* The indemnitee may do so either by a settlement with the plaintiff that by its terms or by application of law discharges the indemnitor from liability or by satisfac-

**19.** 823 P.2d 632, 636 (Alaska 1991).

**20.** *Fairbanks N. Star Borough v. Kandik Constr., Inc. & Assocs.,* 795 P.2d 793, 804 (Alaska 1990) (citing *Bear Creek Planning Committee v. Title Ins. & Trust Co.,* 164 Cal.App.3d 1227, 211 Cal. Rptr. 172, 178 (1985)).

**21.** *Id.* (quoting *Bear Creek Planning Committee,* 211 Cal.Rptr. at 180).

**22.** AS 09.17.080.

**23.** 661 P.2d 619, 626 (Alaska 1983), *superseded on other grounds by statute as stated in Benner v.*

*Wichman,* 874 P.2d 949, 956 (Alaska 1994) (holding that the 1987 ballot initiative "did away with one category of claims—contribution. It did not purport to abolish all claims between defendants and potential third-party defendants. For example, despite our rejection of equitable indemnity in *Vertecs,* we certainly did not reject contractual indemnity.").

**24.** *Id.* at 621.

**25.** *Id.* at 624–25.

tion of judgment that by operation of law discharges the indemnitor from liability. (Emphasis added.)

The theory behind these provisions is that the indemnitee has provided a benefit to the indemnitor by fully discharging the indemnitor's liability, making restitution appropriate.[26] Such a benefit is conferred only if the indemnitee guarantees that the indemnitor is protected from further claims by the plaintiffs that the indemnitor is liable.[27] To hold that a party must indemnify another while the party is still liable to the plaintiffs would lead to the unjust result that the indemnitor could face double liability.[28] It would also eliminate any incentive for parties to settle since settlement would not limit the indemnitor's exposure.[29] The Restatement (Third) of Torts: Apportionment of Liability § 22 and Comment b are consistent with AS 09.17.080, which provides for the apportionment of a damages award against a party according to the factfinder's allocation of that party's fault.[30]

We conclude that AVCP's implied contractual indemnity claim must fail under our reasoning in *Vertecs* and under the Restatement (Third) of Torts § 22. To recover damages from Vranckaert on an implied contractual indemnity theory, AVCP must not itself have been liable, except vicariously, to the plaintiffs and must have obtained from the plaintiffs a release of liability for all direct claims that the plaintiffs had against Vranckaert. AVCP did not pay the *Engler* plaintiffs to settle the *Engler* plaintiffs' claims against Vranckaert. Indeed, the record indicates that the *Engler* plaintiffs had already settled with Vranckaert and had released AVCP from any vicarious liability claims it was asserting. In their settlement agreement with Vranckaert, the *Engler* plaintiffs expressly reserved "all claims which have been made or which may in the future be made against [AVCP]." Only fault-based claims remained against AVCP at the time AVCP settled with the *Engler* plaintiffs. Therefore, the AVCP settlement included, at least in part, payment in consideration for the plaintiffs' release of claims relating to AVCP's own negligence.

Neither did AVCP's settlement with the *Nilsson* plaintiffs effect a settlement of the claims the *Nilsson* plaintiffs had against Vranckaert. The settlement agreement

26. RESTATEMENT (THIRD) OF TORTS: APPORTIONMENT OF LIABILITY § 22 Reporter's Note cmt. b (1999).

27. *Id.*

28. *Id.*

29. *Vertecs*, 661 P.2d at 625.

30. AS 09.17.080 on "[a]pportionment of damages" provides:

(a) In all actions involving fault of more than one person, including third-party defendants and persons who have settled or otherwise been released, the court, unless otherwise agreed by all parties, shall instruct the jury to answer special interrogatories or, if there is no jury, shall make findings, indicating

(1) the amount of damages each claimant would be entitled to recover if contributory fault is disregarded; and

(2) the percentage of the total fault that is allocated to each claimant, defendant, third-party defendant, person who has been released from liability, or other person responsible for the damages unless the person was identified as a potentially responsible person, the person is not a person protected from a civil action under AS 09.10.055, and the parties had a sufficient opportunity to join that person in the action but chose not to; ...

....

(b) In determining the percentages of fault, the trier of fact shall consider both the nature of the conduct of each person at fault, and the extent of the causal relation between the conduct and the damages claimed.

(c) The court shall determine the award of damages to each claimant in accordance with the findings and enter judgment against each party liable. The court also shall determine and state in the judgment each party's equitable share of the obligation to each claimant in accordance with the respective percentages of fault as determined under (a) of this section. Except as provided under AS 23.30.015(g), an assessment of a percentage of fault against a person who is not a party may only be used as a measure for accurately determining the percentages of fault of a named party. Assessment of a percentage of fault against a person who is not a party does not subject that person to civil liability in that action and may not be used as evidence of civil liability in another action.

(d) The court shall enter judgment against each party liable on the basis of several liability in accordance with that party's percentage of fault.

makes no mention of Vranckaert. The agreement clearly indicates that its purpose is to settle direct claims asserted by the plaintiffs against AVCP as a landlord: "Despite numerous tenant complaints and repeated warnings from the Bethel Fire Department, AVCP–RHA unreasonably and without justification failed to correct this problem in a timely manner." And even if AVCP had paid damages to the *Nilsson* plaintiffs for injuries caused by Vranckaert, AVCP failed to obtain a release of Vranckaert's liability from the *Nilsson* plaintiffs.

Without a release of liability, Vranckaert was left exposed to pay directly to the plaintiffs its own share of the damages. Indeed, Vranckaert did subsequently settle with the *Nilsson* plaintiffs. If we were to conclude that Vranckaert must indemnify AVCP, Vranckaert would pay twice for the same injuries to the same plaintiffs. Because AVCP failed to obtain a release of liability for Vranckaert and because AVCP's settlements with both groups of plaintiffs only discharged AVCP's own share of fault, AVCP is not entitled to implied contractual indemnity.

### 3. Negligence and breach of contract

AVCP argues that its negligence and breach of contract claims against Vranckaert are not precluded because they were not resolved by Judge Curda and are independent of its indemnity claims. Vranckaert responds that these two causes of action are indemnity claims in disguise. Therefore, Vranckaert maintains, the claims are subject to dismissal on summary judgment.

A review of AVCP's third-party complaint and its cross-claim against Vranckaert in the *Engler* suit reveals that AVCP apparently seeks damages only in the amount that it paid in settlement to the plaintiffs and for the fees and costs it incurred in defending against the *Nilsson* plaintiffs' claims. AVCP's prayer for relief in its cross-claim states in full:

1. For indemnification from defendants Vranckaert/Kuukpik for any damages awarded to plaintiffs against AVCP–RHA;

2. For indemnification from defendants Vranckaert/Kuukpik for any settlement amount paid to plaintiffs as a result of plaintiffs' claims against AVCP–RHA;

3. For indemnification from defendants Vranckaert/Kuukpik for all fees and costs incurred by AVCP–RHA in defending against plaintiffs' claims; and

4. For such other and further relief as the court deems just and equitable.

Similarly, in its complaint against Vranckaert after AVCP was dismissed from the *Nilsson* suit, AVCP prays only "[f]or indemnification from defendants for the $850,000.00 settlement amount paid to the *Nilsson* plaintiffs as a result of the *Nilsson* plaintiffs' claims against AVCP–RHA" and for "indemnification for all fees and costs incurred by AVCP–RHA in defending against the *Nilsson* plaintiffs' claims."

In its opposition to Vranckaert's motion for summary judgment, AVCP alleged that Vranckaert breached both the contractual standard of care and duty to indemnify AVCP for damages resulting from Vranckaert's negligent performance of the contract. To the extent that the claims for breach of contract and negligence seek to recover from Vranckaert the amount that AVCP paid in settlement to the *Nilsson* or *Engler* plaintiffs or the fees or costs incurred in defending these lawsuits, the claims are not permitted.[31] As discussed above, under our reasoning in *Vertecs* and under the Restatement (Third) of Torts: Apportionment of Liability § 22, AVCP's breach of contract and negligence claims must fail because they are, in essence, implied contractual indemnity claims and AVCP failed to demonstrate that it was without fault and that it settled the claims against Vranckaert and obtained from the plaintiffs a release of Vranckaert's liability.

---

**31.** At oral argument before us, counsel for AVCP asserted that its negligence and breach of contract claims were also designed to recover damages for AVCP's "impugned reputation," the repair work on the stoves, and the cost of replacing the stoves. The merits of these potential direct claims are not before us.

## IV. CONCLUSION

We AFFIRM the rulings of Judge Steinkruger and Judge Hunt that AVCP's claim of passive negligence is precluded because it is the same claim as the claim of equitable indemnity. We also AFFIRM Judge Steinkruger's ruling that Vranckaert was entitled to judgment as a matter of law on AVCP's claim of express contractual indemnity. Because AVCP's claim of implied contractual indemnity must fail as a matter of law, we REVERSE Judge Steinkruger's decision denying summary judgment to Vranckaert on that claim. Finally, to the extent that AVCP's remaining claims of negligence and breach of contract seek damages in the amount that AVCP paid in settlement to the two groups of plaintiffs or its costs and fees in defending the two suits by the plaintiffs, these claims are, in essence, implied contractual indemnity claims. AVCP failed to obtain from the plaintiffs a release of Vranckaert's liability as part of the settlement and failed to show that it was not itself at fault. Therefore, we REVERSE Judge Steinkruger's decision as to the negligence and breach of contract claims and conclude that Vranckaert was entitled to judgment as a matter of law. Although we disagree with Judge Hunt that Judge Curda adjudicated AVCP's indemnity claims, for the foregoing reasons we AFFIRM Judge Hunt's order granting Vranckaert summary judgment on all five indemnity claims.

MATTHEWS, Justice, not participating.